UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |  |
|---|---|---|
| LAINEY WESTBROOKS, | : | CASE NO. 1:16-CV-1438 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Docs. 4, 6, 7] |
| BOARD OF TRUSTEES OF EAST CLEVELAND PUBLIC LIBRARY, | : |  |
| Defendants. | : |  |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 12, 2016, Plaintiff Lainey Westbrooks filed a complaint against her former employer Defendant East Cleveland Public Library ("ECPL"). With her complaint, Plaintiff Westbrooks alleges violations of her rights under Title VII of the Civil Rights Act of 1964.[1] On July 6, 2016, Defendant ECPL filed a motion for judgment on the pleadings.[2] For the reasons below, this Court **DENIES** the motion for judgment on the pleadings.

## I. BACKGROUND

Defendant ECPL argues that Plaintiff Westbrooks' claims must be dismissed because they are barred by administrative issue preclusion and judicial estoppel, and they also fail on the merits.

Plaintiff Westbrooks worked for Defendant ECPL as a computer technician from 1997 until being terminated on March 26, 2012.[3] Westbrooks alleges that she engaged in protected activity by filing various discrimination charges against Defendant before March 26, 2012, and

---

[1] Doc. 1.
[2] Doc. 4. Plaintiff opposed Defendant's motion, Doc. 6, and Defendant replied, Doc. 7.
[3] Doc. 1 ¶ 2, 5.

Case No. 1:16-CV-1438
Gwin, J.

also between January 13, 2012, and March 16, 2012.[4] Westbrooks argues that Defendant ECPL retaliated against her by firing her, and that her termination and the resulting deprivation of compensation constitute two Title VII violations.

Before filing this lawsuit, Plaintiff Westbrooks brought five counts of discrimination and retaliation with the Ohio Civil Rights Commission ("OCRC") in May 2012.[5] After investigating, the OCRC's Cleveland office determined that none of Westbrooks' charges were supported by probable cause.[6]

Westbrooks then requested reconsideration of the "no probable cause" findings.[7] The full Commission overturned the "no probable cause" findings on two of Westbrooks' five counts.[8] The OCRC subsequently issued complaints against the ECPL relating to these two counts.

On February 25, 2014, the case was tried.[9] On May 11, 2015, Administrative Law Judge Denise M. Johnson issued a Report and Recommendation recommending dismissal.[10] Plaintiff Westbrooks filed objections to the Report and the parties again appeared in front of the Commission. On November 19, 2015, the Commission accepted the ALJ's Report and dismissed the case.[11] Plaintiff does not appear to have appealed the OCRC decision.

Also relevant to Defendant's motion is Plaintiff Westbrooks' Chapter 13 Bankruptcy proceeding. Plaintiff filed for bankruptcy on June 1, 2007 in the Northern District of Ohio, No. 07-14092.[12] The petition was dismissed without a discharge on May 6, 2013.[13] In her bankruptcy

---

[4] *Id*. at ¶ 2-5.
[5] Doc. 4-2. Plaintiff argued that Defendant ECPL denied her sick leave pay, demoted her due to her gender and age, denied her request to take time off of work, denied her the opportunity to attend conferences, denied her vacation time, eliminated her position, and retaliated against her for engaging in protected activity. *See* Doc. 4-3.
[6] *See* Doc. 4-3.
[7] Doc. 4-1.
[8] Doc. 4-3 at 4-5.
[9] Doc. 4-5.
[10] Doc. 4-6.
[11] Doc. 4-7.
[12] Doc. 4-9.
[13] *Id*. at 19.

2

Case No. 1:16-CV-1438
Gwin, J.

petition, Plaintiff did not disclose her legal claims against ECPL. She also did not otherwise disclose her ECPL claim during the bankruptcy. Nor has she amended her bankruptcy petition to reflect her ECPL claim.[14]

On March 11, 2016, the Equal Employment Opportunity Commission ("EEOC") issued the Plaintiff a Right to Sue letter.[15] Plaintiff filed her complaint with this court on June 12, 2016.[16] On July 6, 2016, Defendant ECPL filed a motion for judgment on the pleadings.[17]

## II. LEGAL STANDARD[18]

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).[19] Thus, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[20]

## III. DISCUSSION

### a. Plaintiff's claim is not barred by administrative preclusion.

Defendant ECPL argues that because Plaintiff Westbrooks brought her claims to the Ohio Civil Rights Commission and failed to appeal its decision against her, she is precluded from re-

---

[14] *See id*; Doc.4-11 at 11.
[15] Doc. 4-12.
[16] Doc. 1.
[17] Doc. 4. Plaintiff opposed, Doc. 6, and Defendant replied, Doc. 7.
[18] Plaintiff Westbrooks argues that Defendant's motion for judgment on the pleadings has been transformed into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Doc. 6 at 2-3.This Court finds that Defendant's motion does not present "material outside the pleadings." Instead, Defendant references documents incorporated in the pleadings or matters of public record, both of which can be considered without converting the motion into one for summary judgment. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007); *Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir.2004).
[19] *See Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[20] *Id.*

3

Case No. 1:16-CV-1438
Gwin, J.

litigating her claims here.[21] Defendant cites *University of Tennessee v. Elliott* for the proposition that if a state agency acts in "a judicial capacity," federal courts must give the agency's ruling "the same preclusive effect to which it would be entitled in the State's courts."[22] Plaintiff argues that in the case of Title VII claims, *Elliott* supports the opposite result. This Court agrees with Plaintiff.

After *Elliot*, the Sixth Circuit explained that "the preclusive effect of administrative decisions on federal civil rights claims" fits into one of three categories.[23] "First, state agency determinations that have been reviewed by a state court are entitled to statutory full faith and credit" under 28 U.S.C. § 1738.[24] But here, neither party appealed the Ohio Civil Rights Commission decision to a state court.

"Second, a federal court may give preclusive effect to the determination of an unreviewed state agency determination, if a state court would similarly give the agency determination preclusive effect." However, in the third category, "Congress may direct that certain claims—*like Title VII claims*—will not be precluded by unreviewed agency determinations."[25]

Here, Plaintiff brings a Title VII claim. Thus, her claim fits into the third category, and the OCRC's administrative decision does not have preclusive effect.

### b. Plaintiff's claim is not barred by judicial estoppel.

Defendant ECPL further argues that Plaintiff's claim is barred by judicial estoppel. Because Plaintiff did not disclose her claims against Defendant during or after her bankruptcy proceeding, Defendant contends that Plaintiff must be estopped from bringing the claim here.[26]

---

[21] Doc. 4 at 6-7.
[22] Doc. 4 at 6 (citing 478 U.S. 788, 799 (1986)).
[23] *Hillman v. Shelby Cty. Gov't*, 297 F. App'x 450, 452 (6th Cir. 2008).
[24] *Id.* at 452–53 (citing *Elliott*, 478 U.S. at 799).
[25] *Id.* (citing *Elliott*, 478 U.S. at 796) (emphasis added).
[26] Doc. 4 at 7-12.

4

Case No. 1:16-CV-1438
Gwin, J.

The "doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'"[27] The Sixth Circuit, however, has noted that "when a debtor's omission might be inadvertent—such as where a debtor lacks the knowledge of the factual basis of the undisclosed claim or where the debtor has no motive for concealment—finding Plaintiffs' actions as cause for judicial estoppel would be . . . inappropriate."[28]

Section 521 of the Bankruptcy Code requires debtors to file "a schedule of assets and liabilities."[29] In the Sixth Circuit, it is "well-settled that a cause of action is an asset that must be scheduled under § 521(1) . . . Moreover, '[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action.'"[30] Judicial estoppel may bar claims that are not disclosed to the bankruptcy court.[31]

The Court finds that Plaintiff's claims are not barred by judicial estoppel for two reasons.

First, Plaintiff's bankruptcy proceeding was dismissed without a discharge. Courts often find that judicial estoppel should not apply in such cases.[32] When a bankruptcy is dismissed without discharge, the parties are returned to "the positions they were in before the case was

---

[27] *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir.2002).
[28] *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 898 (6th Cir. 2004).
[29] 11 U.S.C. § 521.
[30] *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th 2005) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)).
[31] *Eubanks*, 385 F.3d at 898.
[32] *See Strauss v. Rent–A–Center, Inc.*, 192 F. App'x. 821, 823 (11th Cir. 2006) (declining to apply judicial estoppel in part because the debtor's actions did not "result in a bankruptcy court order[ing] discharge of all her debts"); *George v. Fresenius Med. Care N. Am.*, No. CV 15-14-RLB, 2016 WL 3039827, at *3 (M.D. La. May 27, 2016) (finding that judicial estoppel did not apply when plaintiff's bankruptcy proceeding was dismissed without discharge); *but see Allen v. C & H Distributors, L.L.C.*, 813 F.3d 566, 572-75 (5th Cir. 2015) (finding that a district court did not abuse its discretion in applying judicial estoppel where plaintiff failed to report a claim in a bankruptcy that was dismissed without discharge).

5

Case No. 1:16-CV-1438
Gwin, J.

initiated."[33] Essentially, the bankruptcy court never adopts a "contrary position" for purposes of judicial estoppel. Thus, the plaintiff receives no advantage from failing to report his or her cause of action under § 521(1).[34]

Even when bankruptcies are dismissed without discharge, some courts still apply judicial estoppel if plaintiff received an automatic stay in the bankruptcy.[35] The automatic stay is deemed a sufficient advantage to warrant judicial estoppel.[36] Although Plaintiff Westbrooks benefitted from an automatic stay in her bankruptcy,[37] Defendant has not shown that Plaintiff gained a particular advantage from the stay.[38]

Second, Plaintiff's failure to disclose her cause of action appears to have been inadvertent. Plaintiff was not required to disclose her pending claims in this lawsuit when she filed her Chapter 13 petition on June 1, 2007 because she lacked the factual basis for her claims at that time. Plaintiff was required, however, to disclose the claim no later than March 2012 when she was terminated. But, there is no evidence that Plaintiff intended to conceal her claim.

The inactivity in Plaintiff Westbrooks' bankruptcy proceeding suggests she inadvertently failed to disclose her cause of action. The proceeding lasted from June 2007 to May 2013. There was no activity in the case from December 2007 to June 2011, and little activity after March 2012

---

[33] *In re Hamilton*, 493 B.R. 31, 38 (Bankr. M.D. Tenn. 2013) (quoting *Wells Fargo Bank, N.A. v. Oparaji,* 698 F.3d 231, 237–38 (5th Cir. 2012).
[34] *Evans v. Potter*, No. CIVA 1:08CV1687TWT, 2009 WL 529599, at *3-4 (N.D. Ga. Feb. 27, 2009) (finding "Plaintiff gained no advantage from her oversight because the bankruptcy court dismissed her bankruptcy case without discharging her debts").
[35] *See, e.g.*, *Swendsen v. Ocwen Loan Servicing, LLC*, No. 2:13-CV-02082-TLN, 2014 WL 1155794, at *5 (E.D. Cal. Mar. 21, 2014) (applying judicial estoppel where "Plaintiff received the benefit of automatic stays under the bankruptcy code").
[36] *Id*.
[37] *See Bankruptcy Docket*: 07-14092, Doc. 26 (creditor's motion for relief from stay).
[38] In Plaintiff's bankruptcy proceeding, a creditor moved to lift the stay. *Bankr. Dkt*, Doc. 26. As a result of that motion, Plaintiff was required to make direct payments to the creditor to satisfy her debt outside the Bankruptcy Plan. *Id*. at Doc. 36. Plaintiff eventually paid the debt in full, leading to dismissal of the bankruptcy without discharge. *Id*. at Docs. 47, 48. Thus, Plaintiff received little to no advantage from the stay.

Case No. 1:16-CV-1438
Gwin, J.

when Plaintiff's claim arose.[39] At that time, Plaintiff was simply making payments under her Bankruptcy Plan. Nothing suggests that she purposefully hid her claim from the bankruptcy court.

Further, there is a qualitative difference between failing to list a cause of action on a Schedule B Personal Property form[40]—Plaintiff's error here—and making an affirmative misrepresentation to the court. Plaintiff simply made a mistake. Thus, judicial estoppel does not apply.

### c. Plaintiff's allegations are sufficient to make out a prima facie case.

Defendant also argues that Plaintiff has failed to make out a prima facie case under Title VII because she cannot show that "but for" her participation in protected activity, she would not have suffered an adverse employment action.[41] Essentially, Defendant argues that because Plaintiff did not make such a showing in her OCRC claim, she cannot do so here.[42]

This Court disagrees. As discussed above, the results of Plaintiff's OCRC proceeding are not binding here. Further, the timeline and Plaintiff's allegations, taken as true, are sufficient to make out a prima facie case.

### IV.  CONCLUSION

For the reasons above, this Court **DENIES** Defendant ECPL's motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated: September 2, 2016                                                       *s/        James S. Gwin*
                                                                                                    JAMES S. GWIN
                                                                                                    UNITED STATES DISTRICT JUDGE

---

[39] *See Bankr. Doc.*, No.07-14092.
[40] Doc.4-11 at 11, Question 21.
[41] *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. ___, 133 S. Ct. 2517, 2533 (2013).
[42] Doc. 4 at 14-16.

7