UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

LAINEY WESTBROOKS,

        Plaintiff,

vs.

BOARD OF TRUSTEES OF EAST
CLEVELAND PUBLIC LIBRARY,

        Defendant.

CASE NO. 1:16-CV-1438

OPINION & ORDER
[Resolving Doc. 22]

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 12, 2016, Plaintiff Lainey Westbrooks filed a complaint alleging violations of her rights under Title VII of the Civil Rights Act of 1964 against her former employer Defendant East Cleveland Public Library ("ECPL").[1] On December 19, 2016, Defendant ECPL filed a motion for summary judgment.[2] For the reasons below, this Court **GRANTS** the motion.

### I.     BACKGROUND

This case concerns whether Defendant ECPL lawfully ended Plaintiff Westbrooks's employment because of the ECPL's declining economic position, or unlawfully because she engaged in constitutionally-protected activity.

Plaintiff worked in Defendant ECPL's technology department from 1997 until her March 26, 2012, termination.[3] The ECPL had promoted Westbrooks to Technology Manager in 2000.[4]

Defendant argues that Westbrooks lost her job because ECPL needed to downsize after the 2008 recession.[5] Defendant argues that "significant personnel reductions" were required to

---

[1] Doc. 1.
[2] Doc. 22. Plaintiff opposed Defendant's motion, Doc. 25-1, and Defendant replied, Doc. 26.
[3] Doc. 1 at ¶¶ 2, 5.
[4] Doc. 22 at 7.
[5] *Id*. at 6.

Case No. 1:16-CV-1438
Gwin, J.

keep ECPL open.[6] In 2011, library staff shrunk from approximately 60 to 23 people after two of three branches were closed.[7] Because Westbrooks' supervisory responsibilities were no longer needed and Westbrooks' compensation was one of the highest at the ECPL, Defendant let her go.[8]

Although Defendant attributes Westbrooks' job loss to financial strife at the ECPL, Defendant also states that Plaintiff's "interactions with her subordinates and others at ECPL were, at times, poor."[9] Defendant also suggests that her "job performance markedly fell" in 2011 and that her "behavior [was] unprofessional and of a harassing nature."[10]

Westbrooks alleges that she was fired for engaging in protected activity, filing various discrimination charges against Defendant before her March 26, 2012, termination.[11]

Specifically, on January 13, 2012, Plaintiff filed a complaint with the Ohio Civil Rights Commission ("OCRC"), arguing that she had been denied sick leave pay and was disciplined for her age and gender.[12] On January 25, 2012, Plaintiff filed another OCRC complaint, arguing that she was denied time off work for engaging in protected activity and because of her age.[13] On March 16, 2012, she filed a third complaint arguing that she was denied the opportunity to attend work-related conferences.[14] After being terminated, on March 28, 2012, she filed a fourth complaint alleging that ECPL terminated her in retaliation for engaging in protected activity.[15] On May 11, 2012, she filed her final complaint alleging an incomplete paycheck.[16]

---

[6] *Id*. (citing Doc. 22-16).
[7] *Id*.
[8] *Id*. at 7. Defendant claims that Westbrooks' compensation package, including salary and healthcare benefits, cost ECPL over $95,000 per year. *Id.* (citing Doc. 22-16 at 18).
[9] *Id*. (citing Doc. 22-17).
[10] *Id*. at 7.
[11] Doc. 1 at ¶¶ 2-5.
[12] Doc. 22 at 8.
[13] *Id*. at 9.
[14] *Id*.
[15] *Id*.
[16] *Id*.

2

Case No. 1:16-CV-1438
Gwin, J.

Since losing her job, Westbrooks has applied for work but has not worked elsewhere.[17] In December 2012, ECPL offered Plaintiff a computer technician position paying $36,338.[18] She turned the offer down.[19]

*Procedural History*

Before filing this lawsuit, Plaintiff Westbrooks brought five counts of discrimination and retaliation with the Ohio Civil Rights Commission in May 2012.[20]

On February 25, 2014, Administrative Law Judge Denise M. Johnson tried the case.[21] On May 11, 2015, ALJ Johnson issued a Report and Recommendation recommending Westbrooks' case be dismissed.[22] Plaintiff Westbrooks filed objections to the Report and the parties again appeared in front of the Commission. On November 19, 2015, the Commission accepted the ALJ's Report and dismissed the case.[23] Plaintiff did not appeal the OCRC decision.

On March 11, 2016, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Right to Sue letter.[24] Plaintiff filed her complaint with this Court on June 12, 2016.[25] Westbrooks argues that her retaliatory termination and the resulting deprivation of compensation constitute two Title VII violations.

On July 6, 2016, Defendant ECPL moved for judgment on the pleadings.[26] The Court denied Defendant's motion.[27]

---

[17] Doc. 22 at 8.
[18] *Id*. (citing Doc. 22-17).
[19] *Id*.
[20] Doc. 4-2. Plaintiff argued that Defendant ECPL denied her sick leave pay, demoted her due to her gender and age, denied her request to take time off of work, denied her the opportunity to attend conferences, denied her vacation time, eliminated her position, and retaliated against her for engaging in protected activity. *See* Doc. 4-3.
[21] Doc. 4-5.
[22] Doc. 4-6.
[23] Doc. 4-7.
[24] Doc. 4-12.
[25] Doc. 1.
[26] Doc. 4.
[27] Doc. 8.

3

Case No. 1:16-CV-1438
Gwin, J.

On December 19, 2016, Defendant ECPL filed a motion for summary judgment.[28] Defendant argues that Plaintiff fails to make a prima facie retaliation case, and, even if she did, Defendant had legitimate reasons to terminate her.[29] Defendant also argues that Plaintiff's second claim for deprivation of compensation fails because miscalculating a paycheck is not a materially adverse employment action.[30] Last, Defendant argues that Plaintiff's claim is barred by administrative preclusion.[31]

Plaintiff responds that Defendant's arguments fail because this Court already denied them in its order denying Defendant's motion for judgment on the pleadings.[32]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment is proper when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[33] The moving party must first demonstrate that there is an absence of a genuine dispute as to a material fact entitling it to judgment.[34] Once the moving party has done so, the non-moving party must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue.[35] The existence of some doubt as to the material facts is insufficient to defeat a motion for summary judgment.[36] The Court views the facts and all reasonable inferences from those facts in favor of the non-moving party.[37]

---

[28] Doc. 22.
[29] *Id.* at 11, 17.
[30] *Id.* at 19.
[31] *Id.* at 16.
[32] Doc. 25-1 at 1-2.
[33] *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).
[34] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[35] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[36] *Id.* at 586.
[37] *Killion*, 761 F.3d at 580 (internal citation omitted).

4

Case No. 1:16-CV-1438
Gwin, J.

### III. DISCUSSION

**A. Plaintiff Westbrooks has not established a prime facie retaliation case.**

To make a prima face case, Plaintiff "must establish that: (1) she engaged in Title VII-protected activity; (2) [ECPL] knew that she engaged in the protected activity; (3) [ECPL] subsequently took an adverse employment action against [her]; and (4) the adverse action was causally connected to the protected activity."[38]

The parties seem to agree that Plaintiff satisfies the first and third elements through her OCRC complaints and termination, respectively.[39] Defendant argues that Plaintiff fails to meet the second and fourth elements.[40] The Court agrees.

To meet the second prong, Plaintiff must provide evidence that Defendant knew about her protected activity,[41] the January and March 2012 OCRC complaints, before terminating her.

The ALJ that presided over Plaintiff's OCRC case found that "there [was] no evidence in the record that [the ECPL] had knowledge of the [Plaintiff's OCRC filings] before she was terminated on March 26, 2012."[42] This Court's review of the OCRC hearing transcript supports the ALJ's finding—nothing in the record shows that the ECPL board members had knowledge of Plaintiff's OCRC discrimination claims before voting to terminate her position.

Importantly, Plaintiff's response to Defendant's motion for summary judgment provides no evidence that the ECPL board of directors knew about Plaintiff Westbrooks' OCRC complaints

---

[38] *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 588 (6th Cir. 2009) (quoting *Ladd v. Grand Trunk W. R.R., Inc.*, 552 F.3d 495, 502 (6th Cir. 2009)).
[39] *See* Doc. 22 at 11-17; Doc. 25-1.
[40] Doc. 22 at 11.
[41] *See, e.g.*, *Kyle-Eiland v. Neff*, 408 F. App'x 933, 941 (6th Cir. 2011).
[42] Doc. 22-6 at 22.

5

Case No. 1:16-CV-1438
Gwin, J.

prior to firing her.[43] Plaintiff therefore fails to show a genuine dispute as to the second prong of her prima facie case.

Plaintiff's failure to show a genuine dispute as to whether the ECPL board knew about her complaints before terminating her dooms her claim. Defendant argues that Plaintiff also fails to satisfy the fourth prong. The Court is less convinced that Defendant succeeds on this argument.

To meet the fourth prong, "a plaintiff must 'proffer evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action.'"[44] Defendant argues it had legitimate reason—the financial duress of the library—to terminate Plaintiff.[45] Defendant's later offer for Plaintiff to rejoin ECPL—albeit at a lower salary—supports this theory.[46]

While ECPL's economic struggles surely contributed to Plaintiff's termination, however, Defendant has offered additional reasons for firing Plaintiff. For example, in its motion for summary judgment, Defendant noted that Plaintiff exhibited "poor" interactions with coworkers, declining work performance, and an "unprofessional" nature.[47]

These facts suggest that other motives may have led to Plaintiff's termination. And while temporal proximity between Title VII-protected activity and an adverse employment action is not

---

[43] Doc. 25-1. Plaintiff argues that this Court's denial of Defendant's motion for judgment on the pleadings is sufficient to meet Plaintiff's burden to defend summary judgment. *See id.* at 1. The applicable legal standards for a motion for judgment on the pleadings and one for summary judgment, however, are quite different. In a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). Differently, in a motion for summary judgment, once the movant demonstrates an absence of a genuine dispute as to a material fact entitling it to judgment, the non-movant must set forth specific facts in the record—not its allegations or denials in pleadings—showing a triable issue. *See Matsushita*, 475 U.S. at 587. Plaintiff fails to meet that burden here.
[44] *Upshaw*, 576 F.3d at 588 (quoting *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997)).
[45] Doc. 22 at 17.
[46] *Id.* at 8.
[47] *Id.* at 7 (citing Doc. 22-17).

6

Case No. 1:16-CV-1438
Gwin, J.

sufficient on its own to support a retaliation claim,[48] temporal proximity coupled with the above allegations against Plaintiff come closer to making a successful claim.[49]

Nonetheless, because Plaintiff does not carry her burden on the second prong of her prima facie case, the Court **GRANTS** Defendant's motion for summary judgment.

**B. Whether deprivation of rightful compensation is a materially adverse employment action is moot.**

Defendant argues that Plaintiff's second claim for deprivation of compensation fails because a minor paycheck miscalculation is not a materially adverse employment action.[50] Because Plaintiff fails to make a prima facie case, the Court does not address this argument.

**C. Plaintiff Westbrooks' claim is not barred by administrative preclusion.**

Defendant ECPL also argues that Plaintiff's claim fails because she did not appeal the OCRC's denial of her claim to the state appellate court.[51]

Plaintiff responds that this Court already denied this argument in its denial of Defendant's motion for judgment on the pleadings.[52] This Court agrees and the same analysis applies here. The OCRC decision denying Plaintiff's claim does not bar her Title VII claim here.[53]

Nonetheless, because Plaintiff fails to make a prima facie case, her claim fails.

---

[48] *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007). Approximately two months passed between Plaintiff's first OCRC complaint and her termination.
[49] *Id*. ("The law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim. There are, however, circumstances where temporal proximity, considered with other evidence of retaliatory conduct would be sufficient to establish a causal connection.") (citing *Little v. BP Exploration & Oil Co.,* 265 F.3d 357, 363–64 (6th Cir. 2001); *Nguyen v. City of Cleveland,* 229 F.3d 559, 566 (6th Cir. 2000); *Moore v. KUKA Welding Sys.,* 171 F.3d 1073 (6th Cir. 1999)).
[50] Doc. 22 at 19.
[51] *Id*. at 16.
[52] Doc. 25-1 at 2 (citing Doc. 8 at 3-4).
[53] Doc. 8 at 4.

7

Case No. 1:16-CV-1438
Gwin, J.

## IV. CONCLUSION

For the reasons above, this Court **GRANTS** Defendant ECPL's motion for summary judgment.

IT IS SO ORDERED.

Dated:  January 24, 2017           *s/     James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE